**E-FILED**
Friday, 27 January, 2017  09:48:01 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND | ) | |
| ALLIED TRADES INDUSTRY PENSION | ) | |
| FUND, By and Through TIM D. MAITLAND, | ) | |
| In His Capacity as a Fiduciary, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ILLINOIS STATE PAINTERS HEALTH | ) | |
| AND WELFARE FUND, By and Through | ) | |
| Its Board of Trustees; | ) | |
| | ) | |
| and | ) | Cause No. 17-3021 |
| | ) | |
| PAINTERS DISTRICT COUNCIL #58 | ) | |
| 401(k) TRUST FUND, By and Through | ) | |
| Its Board of Trustees; | ) | |
| | ) | |
| | ) | |
| PAINTERS DISTRICT COUNCIL #58 | ) | |
| FRINGE BENEFIT FUNDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| POLAND'S INC., d/b/a and/ or f/d/b/a | ) | |
| POLAND & SONS GLASS, INC., | ) | |
| And CHARLES "ZEB" POLAND, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW Plaintiffs, INTERNATIONAL PAINTERS AND ALLIED TRADES

INDUSTRY PENSION FUND; ILLINOIS STATE PAINTERS HEALTH AND WELFARE

FUND; PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND; and PAINTERS

DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, by and through undersigned Counsel,

and for their Complaint against Defendants, POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., and CHARLES "ZEB" POLAND, individually, state as follows:

<b><u>Parties</u></b>

1.      Plaintiff INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND (hereinafter "IUPAT Industry Pension Fund") is an employee benefit plan within the meaning of §§ 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  Tim D. Maitland is the Fund Administrator and a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and is duly authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2.      Plaintiff ILLINOIS STATE PAINTERS HEALTH AND WELFARE FUND (hereinafter "Illinois State Painters Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  Plaintiff Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are duly authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3.      Plaintiff PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND (hereinafter "District Council #58 401(k) Plan") is an employee benefit plan within the meaning of §§ 3(1) and (3), 502 and 515 of ERISA, as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Plaintiff District Council #58 401(k) Plan's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are duly

authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4.      Plaintiff PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS (hereinafter "District Council #58 Fringe Benefit Funds") are certain collectively-bargained fringe benefit funds, for which Plaintiff District Council # 58 401(k) Plan acts as the duly authorized collection agent, including for the receipt and processing of employer contributions.

5.      Defendant POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC. (hereinafter "Poland's Inc."), is and/or was an Illinois general business corporation, at all relevant times maintaining its principal place of business at 490 S. Franklin St., Decatur, IL 62523, within the territorial jurisdiction of this Court.

6.      Upon information and belief, Defendant, CHARLES ZEB POLAND, is and/or was the President of POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC. and CHARLES ZEB POLAND resides in Forsyth, Illinois.

7.      Defendant Poland's Inc. is and/or was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145; and within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act (hereinafter "LMRA"), 29 U.S.C. § 152(2), (6) and (7).

## Jurisdiction and Venue

8.      This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Fund Administrator of the IUPAT Pension Fund and the Trustees of Plaintiffs District Council #58 401(k) Fund and Illinois State Painters Welfare Fund are fiduciaries who seek to enforce the provisions of certain Declarations

of Trust establishing said Funds; and pursuant to § 301 of the LMRA, 29 U.S.C. § 185, in that Plaintiff District Council #58 Fringe Benefit Funds are suing to enforce a collective bargaining agreement, or agreements.

9.      This Court has personal jurisdiction over Defendant Poland's Inc. pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

10.      Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a), in that the breaches complained of herein occurred and/or are occurring and because Defendant Poland's Inc. and Defendant Charles "Zeb" Poland may be found within the territorial jurisdiction of this Court.

## COUNT I

## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

## (IUPAT INDUSTRY PENSION FUND)

11.      At all times relevant to this Complaint, Defendant Poland's Inc. has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with District Council #58/Glaziers Local Union 1168 of Springfield Illinois and Vicinity ("Union").  A true, accurate and correct copy of the current agreement signed by Charles Zeb Poland on behalf of Poland's Inc. is attached hereto as **Exhibit 1**.

12.      Pursuant to § 2.1 of the Agreement(s), Poland's Inc. agreed to recognize the Union as the exclusive bargaining representative of its employees performing the work described in Article III thereof.

13.      Pursuant to §§ 23.1(e) and 23.6 of the Agreement(s), Poland's Inc. agreed to be bound by and considered a party to the Agreement and Declaration of Trust ("Trust Agreement")

establishing Plaintiff IUPAT Industry Pension Fund.  A true, accurate and correct copy of that Trust Agreement is attached hereto as **Exhibit 2**.

14.     Pursuant to § 23.2 of the Agreement(s), Poland's Inc. irrevocably designated the current and successor Trustees of Plaintiff IUPAT Industry Pension Fund as its representatives on the Board of Trustees and agreed to be bound by all actions taken by the Trustees.

15.     Pursuant to § 23.1 of the Agreement(s), Poland's Inc. specifically agreed to pay contributions to Plaintiff IUPAT Industry Pension Fund for each hour or portion thereof for which an Employee covered by the Agreement receives pay.

16.     Payments are due on behalf of employees beginning with the first day such employees are employed in a job classification covered by the Agreement.

17.     Pursuant to the policies and procedures adopted by Plaintiff IUPAT Industry Pension Fund's Board of Trustees, and to which Poland's Inc. specifically and unequivocally agreed to be bound, signatory employers such as Poland's Inc. are required to submit fringe benefit remittance reports and to pay required contributions by the 15th of the month following the month in which the obligation to contribute arose (i.e. the month during which a covered employee received pay).

18.     Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), the Agreement(s) and policies and procedures adopted by Plaintiff IUPAT Industry Pension Fund's Board of Trustees specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff IUPAT Industry Pension Fund for interest.

19.     Further, § 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), the Agreement(s) and policies and procedures adopted by Plaintiff IUPAT Industry Pension Fund's Board of

Trustees provide for Liquidated Damages on unpaid contributions.  Pursuant to the policies and procedures, the applicable rate is twenty percent (20%) of the contributions due.

20.    Defendant Poland's Inc. has, at times before the time of the events giving rise to this Complaint, reported and paid contributions to Plaintiff IUPAT Industry Pension Fund.

21.    Defendant Poland's Inc., has failed to file all required reports of its contributions to Plaintiff IUPAT Industry Pension Fund, or to make payment of all required contributions, for the period of July 2016 through present.

22.    The failure to submit these reports is a breach of the Agreement(s) and Trust Agreement.

23.    Since Defendant Poland's Inc. has not submitted all necessary reports, the full amount of contributions due is unknown.

24.    Inasmuch as Defendant has failed to fully and completely report its liability, or to make all required payments, Plaintiff IUPAT Industry Pension Fund has no adequate remedy at law, and is suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant Poland's Inc. is ordered to submit all outstanding fringe benefit remittance reports for all outstanding months.  Such relief is appropriate equitable relief within the meaning of ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

25.    Plaintiff IUPAT Industry Pension Fund is further entitled to Judgment in the amount of all unpaid contributions as evidenced by said fringe benefit remittance reports.

26.    Pursuant to § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), Plaintiff IUPAT Industry Pension Fund is further entitled to an award of its reasonable attorneys' fees and costs of this action.

27.     As a result of Defendant Poland's Inc.'s actions complained of herein, Plaintiff IUPAT Industry Pension Fund has been harmed.

WHEREFORE, Plaintiff IUPAT Industry Pension Fund respectfully prays that the Court:

a.      Enter an Orders for temporary, preliminary and permanent injunctive relief that Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons Glass, Inc. immediately submit all outstanding fringe benefit remittance reports;

b.      Enter an Order awarding Plaintiff IUPAT Industry Pension Fund all contributions due as reflected by said remittance reports;

c.      Enter an Order awarding Plaintiff IUPAT Industry Pension Fund interest in an amount to be proven at trial;

d.      Enter an Order awarding Plaintiff IUPAT Industry Pension Fund Liquidated Damages in an amount to be proven at trial;

e.      Enter an Order awarding Plaintiff IUPAT Industry Pension Fund its attorneys' fees and costs associated with this matter; and

f.      Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

### (ISP WELFARE FUND)

COMES NOW Plaintiff Illinois State Painters Welfare Fund, by undersigned Counsel, and for Count II of its Complaint against Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons Glass, Inc. states as follows:

28.     Plaintiff ISP Welfare Fund restates and reincorporates paragraphs 1 through 27 of Count I as if fully set forth herein.

7

29.     Pursuant to § 28.1 of the Agreement(s), Defendant Poland's Inc. agreed to pay contributions to the "respective Health and Welfare Fund(s) that the Union chooses and… to be bound by terms and provisions of the trust Agreements of such fund(s)," in this case the ISP Welfare Fund.

30.     Pursuant to the Agreement(s), Defendant Poland's Inc. is and/or was required to submit fringe benefit remittance reports and to pay required contributions by the by the 15th of the month following the month in which the obligation to contribute arose (i.e. the month during which a covered employee received pay).

31.     Section 14.1 of the Agreement(s) specifically provide(s) that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff ISP Welfare Fund for the contributions due, as well as damages in the amount of ten percent (10%) of the contributions due.

32.     Defendant Poland's Inc. has, both before the time of the events giving rise to this Complaint, reported and paid contributions to the ISP Welfare Fund.

33.     Defendant Poland's Inc., has failed to file all required reports of its contributions to Plaintiff ISP Welfare Fund, or to make payment of all required contributions, for the period of July 2016 through current.

34.     The failure to submit these reports is a breach of the Agreement(s) and Trust Document establishing Plaintiff ISP Welfare Fund.  A true, accurate and correct copy of that Trust Agreement is attached hereto as **Exhibit 3**.

35.     Since Defendant Poland's Inc. has not submitted all necessary reports, the full amount of contributions owed is unknown.

36.     Inasmuch as Defendant Poland's Inc. has failed to fully and completely report its liability, or to make all required payments, the ISP Welfare Fund has no adequate remedy at law, and is suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant Poland's Inc. is ordered to submit all outstanding fringe benefit remittance reports for all outstanding months.  Such relief is appropriate equitable relief within the meaning of ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

37.     Plaintiff ISP Welfare Fund is further entitled to Judgment in the amount of all unpaid contributions as evidenced by said fringe benefit remittance reports.

38.     Pursuant to § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), Plaintiff ISP Welfare Fund is further entitled to an award of its reasonable attorneys' fees and costs of this action.

39.     As a result of Defendant Poland's Inc.'s actions complained of herein, Plaintiff ISP Welfare Fund has been harmed.

WHEREFORE, Plaintiff Illinois State Painters Welfare Fund respectfully prays that the Court:

    a.     Enter Orders for temporary, preliminary and permanent injunctive relief that Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons Glass, Inc. immediately submit all outstanding fringe benefit remittance reports;

    b.     Enter an Order awarding Plaintiff Illinois State Painters Welfare Fund all contributions due;

    c.     Enter an Order awarding Plaintiff Illinois State Painters Welfare Fund interest in an amount to be proven at trial;

d.  Enter an Order awarding Plaintiff Illinois State Painters Welfare Fund Liquidated Damages in an amount to be proven at trial;

e.  Enter an Order awarding Plaintiff Illinois State Painters Welfare Fund its attorneys' fees and costs associated with this matter; and

f.  Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT III

### (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

### (DISTRICT COUNCIL #58 401(k) TRUST FUND ON ITS OWN BEHALF AND AS COLLECTION AGENT ON BEHALF OF PLAINTIFF PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS)

COMES NOW Plaintiffs District Council #58 401(k) Trust Fund and Plaintiff Painters District Council #58 Fringe Benefit Funds, by undersigned Counsel, and for Count III of their Complaint against Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons Glass, Inc., states as follows:

40.  Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds restate and reincorporate paragraphs 1 through 27 of Count I and 28 through 39 of Count II as if fully set forth herein.

41.  Pursuant to Article XXV of the Agreement, Defendant Poland's Inc. agreed to pay contributions to the District Council #58 401(k) Trust Fund at specified hourly rates on behalf of its employees performing covered work under the Agreement(s).

42.  Pursuant to Articles XXIV, XXV, XXVI, XXVII, XXVIII and XXIX of the Agreement(s), among others, Defendant Poland's Inc. agreed to report and pay certain

contributions to Plaintiff District Council #58 401(k) Trust Fund and District Council #58 Fringe Benefit Funds on behalf of its employees performing covered work under the Agreement(s).

43.     Pursuant to the Agreement(s), Defendant Poland's Inc. is and/or was required to submit fringe benefit remittance reports and to pay required contributions by the 15th of the month following the month in which the obligation to contribute arose (i.e. the month during which a covered employee received pay).

44.     The Agreement(s) specifically provide(s) that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds for the contributions due, as well as damages in the amount of ten percent (10%) of the contributions due.

45.     Defendant Poland's Inc. has, at times before the time of the events giving rise to this Complaint, reported and paid contributions to Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds.

46.     Defendant Poland's Inc., however, has failed to file all required reports of its contributions to Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds, or to make payment of all required contributions, for the period of at least July 2016 through current.

47.     The failure to submit these reports is a breach of the Agreement(s) and Trust Document establishing Plaintiff District Council #58 401(k) Trust Fund.  A true, accurate and correct copy of that Trust Agreement is attached hereto as **Exhibit 4.**

48.     Since Defendant Poland's Inc. has not submitted all necessary reports, the full amount of contributions owed is unknown.

49.     Inasmuch as Defendant Poland's Inc. has failed to fully and completely report its liability, or to make all required payments, Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant is ordered to submit all outstanding fringe benefit remittance reports for all outstanding months.  Such relief is appropriate equitable relief within the meaning of ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

50.     Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds are further entitled to Judgment in the amount of all unpaid contributions as evidenced by said fringe benefit remittance reports.

51.     Pursuant to § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds are further entitled to an award of their reasonable attorneys' fees and costs of this action.

52.     As a result of Defendant's actions complained of herein, Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds have been harmed.

WHEREFORE, Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds respectfully pray that the Court:

a.      Enter Orders for temporary, preliminary and permanent injunctive relief that Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons Glass, Inc. immediately submit all outstanding fringe benefit remittance reports;

b.      Enter an Order awarding Plaintiffs District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds all contributions due;

c.      Enter an Order awarding Plaintiffs District Council #58 401(k) Trust Fund
and Painters District Council #58 Fringe Benefit Funds interest in an
amount to be proven at trial;

d.      Enter an Order awarding Plaintiffs District Council #58 401(k) Trust Fund
and Painters District Council #58 Fringe Benefit Funds Liquidated
Damages in an amount to be proven at trial;

e.      Enter an Order awarding Plaintiffs District Council #58 401(k) Trust Fund
and Painters District Council #58 Fringe Benefit Funds its attorneys' fees
and costs associated with this matter; and

f.      Enter Orders for such further relief as the Court deems proper in the
premises.

## COUNT IV

## DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

## (IUPAT INDUSTRY PENSION FUND)

COMES NOW Plaintiff IUPAT Industry Pension Fund, by undersigned Counsel, and for
Count IV of its Complaint against Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons
Glass, Inc. states as follows:

53.     Plaintiff re-assert and re-allege paragraphs 1 through 52 as if fully set forth herein.

54.     Defendant POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS,
INC., reported to Plaintiffs, or Plaintiffs otherwise became aware of hours worked by Defendant's
employees during the months of February 2013 through December 2015.

55.     Defendant POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS,
INC., failed to make payment to Plaintiff of all contributions and work dues that were owed for

the hours worked or gross income earned by Defendant's employees during the months of February 2013 through December 2015.

56.      On or about April 22, 2016, POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., and CHARLES ZEB POLAND, individually and personally, gave Plaintiff a promissory note in the principal amount of $138,485.97 (consisting of delinquent contributions of $119,706.60, plus pre-settlement interest of $5,956.83, plus interest on the balance of $9,694.44, plus reasonable attorney fees and costs of $3,128.10).

57.      A copy of the promissory note is attached hereto as **Exhibit 5** and fully incorporated herein and made a part hereof by this reference.

58.      The promissory note was not used in a consumer transaction.

59.      Pursuant to the promissory note, Defendants agreed to be jointly and severally obligated to pay Plaintiff the sum of $138,485.97.

60.      Pursuant to the promissory note, Defendants promised, among other things, to pay the amounts owed over time with an initial down payment of $36,792.00 along with twenty-four (24) subsequent payments of $4,209.97.

61.      Payments were due under the promissory note on the 1st day of each month, from May 2016 through April 1, 2018.

62.      Defendants made total payment under the promissory note of $49,400.91.

63.      Defendants' Payment for August 2016 was returned by Plaintiff's bank for insufficient funds.  Demand was made upon Defendants to cure.  Defendants issued a replacement check, which was also returned for insufficient funds.  Defendants have made no payments since.

64.      Defendants breached the provisions of, and are in default under, the promissory note as a result of failing to timely make each payment when due under the promissory note,

including those payments due for the months of August 2016 through December 2016.

65.     Pursuant to the provisions of the promissory note, in the event of default, the Plaintiff may declare the entire unpaid principal balance plus interest immediately due and payable without notice.  Further pursuant to the Promissory Note, IUPAT Industry Pension Fund retained the right to "sue pursuant to the provisions of the Employee Retirement Income Security Act of 1974 for the delinquent contributions and/or other liability that is the subject of this Note [.]"  *See*, **Exhibit 5** at p. 2.

66.     Pursuant to the terms of the Note, Defendants agreed that they owed the Plaintiff $23,941.32 in liquidated damages for the failure to timely remit fringe benefit contributions. Plaintiffs agreed to waive said $23,941.31 on the condition that Defendants comply with all terms of the promissory note, however, should Defendant fail to comply will the terms of the promissory note, then the $23,941.32 would immediately become due and owing in addition to the remaining principal balance.

67.     Defendants have now breached the provisions of, and are in default under, the promissory note as a result of failing to timely make each payment when due under the promissory note, including those payments due for the months of July through December of 2016.  Therefore, the conditionally waived amount of $23,941.31 is now due and owing.

68.     The total of unpaid principal balance plus liquidated damages owed by the Defendants under the Note is $112,758.50.

69.     Plaintiffs have incurred attorneys' fees and costs in the enforcing Plaintiff's rights under the promissory note, which are recoverable against the Defendants in an action pursuant to ERISA, as alleged in Counts I and II.

WHEREFORE, Plaintiffs pray as follows:

A.      That judgment is entered in favor of Plaintiff, IUPAT Industry Pension Fund, and against Defendant, POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC. in the sum of $112,758.50;

B.      That Defendant be decreed to pay to the Plaintiff all such monies determined to be due and owing to Plaintiff at the time Judgment is entered.

C.      That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs pursuant to the provisions of the promissory note;

D.      That Defendant is decreed to pay all costs attendant to these proceedings;

E.      That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be just and equitable.

## COUNT V

## DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

## (DISTRICT COUNCIL #58 401(k) TRUST FUND and ISP WELFARE FUND)

COME NOW Plaintiff District Council #58 401(K) Trust Fund And ISP Welfare Fund, by undersigned Counsel, and for Count V of its Complaint against Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons Glass, Inc. states as follows:

70.      Plaintiffs re-assert and re-allege paragraphs 1 through 69 as if fully set forth herein.

71.      Defendant POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., reported to Plaintiffs, or Plaintiffs otherwise became aware of hours worked by Defendant's employees during the months of February 2013 through December 2015.

72.      Defendant POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., failed to make payment to Plaintiffs of all contributions and work dues that were owed for the hours worked or gross income earned by Defendant's employees during the months of

February 2013 through December 2015.

73.     On or about April 22, 2016, POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., and CHARLES ZEB POLAND, individually and personally, gave Plaintiff a promissory note in the principal amount of $138,900.49 (consisting of delinquent contributions of $123,414.54, plus interest on the balance of $8,982.40, plus reasonable attorney fees and costs of $6,503.55).

74.     A copy of the promissory note is attached hereto as **Exhibit 6** and fully incorporated herein and made a part hereof by this reference.

75.     The promissory note was not used in a consumer transaction.

76.     Pursuant to the promissory note, Defendants agreed to be jointly and severally obligated to pay Plaintiff the sum of $138,900.49.

77.     Pursuant to the promissory note, Defendants promised, among other things, to pay the amounts owed over time with an initial down payment of $36,772.32 with twenty-four (24) subsequent payments of $4,025.75.

78.     Payments were due under the promissory note on the 1st day of each month, from May 2016 through April 1, 2018.

78.     Defendants made total payment under the promissory note of $44,823.82.

79.     Plaintiffs last received a payment from Defendants under the promissory note in July of 2016.

80.     Defendants' Payment for August 2016 was returned by Plaintiff's bank for insufficient funds.  Demand was made upon Defendants to cure.  Defendants issued a replacement check, which was also returned for insufficient funds.  Defendants have made no payments since.

81.     Defendants breached the provisions of, and are in default under, the promissory

note as a result of failing to timely make each payment when due under the promissory note, including those payments due for the months of July 2016 through December 2016.

82.     Pursuant to the provisions of the promissory note, in the event of default, the Plaintiff may declare the entire unpaid principal balance plus interest immediately due and payable without notice.  Further pursuant to the Promissory Note, <u>District Council #58 401(K) Trust Fund And ISP Welfare Fund</u> retained the right to "sue pursuant to the provisions of the Employee Retirement Income Security Act of 1974 for the delinquent contributions and/or other liability that is the subject of this Note[.]"  *See*, **Exhibit 6** at p.2.

83.     Pursuant to the terms of the Note, Defendants agreed that they owed the Plaintiffs $24,682.91 in liquidated damages for the failure to timely remit fringe benefit contributions as well as $20,520.23 in accrued interest on the outstanding fringe benefit contributions for a total of $45,203.14. Plaintiffs agreed to waive the foregoing $45,203.14 on the condition that Defendants comply with all terms of the promissory note, however, should Defendant fail to comply will the terms of the promissory note, then the $45,203.14 would immediately become due and owing in addition to the remaining principal balance.

84.     Defendants have now breached the provisions of, and are in default under, the promissory note as a result of failing to timely make each payment when due under the promissory note, including those payments due for the months of June 2016 through December 2016. Therefore, the conditionally waived amount of $45,203.14 is now immediately due and owing.

85.     The total of unpaid principal balance plus liquidated damages owed by the Defendants under the Note is $139,279.81.

86.     Plaintiffs have incurred attorneys' fees and costs in the enforcing Plaintiffs' rights under the promissory note, which are recoverable against the Defendants in an action pursuant to

ERISA, as alleged in Counts I and II.

WHEREFORE, Plaintiffs pray as follows:

A.     That judgment is entered in favor of Plaintiffs, DISTRICT COUNCIL #58 401(k) TRUST FUND and ISP WELFARE FUND, and against Defendants, POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., and CHARLES ZEB POLAND, individually and personally, in the sum of $139,279.81;

B.     That Defendants be decreed to pay to the Plaintiff all such monies determined to be due and owing to Plaintiff at the time Judgment is entered.

C.     That Defendants are decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs pursuant to the provisions of the promissory note;

D.     That Defendants are decreed to pay all costs attendant to these proceedings;

E.     That Plaintiffs are awarded, at Defendants' cost, such further and other relief as may be just and equitable.

## COUNT VI

## (TO ENFORCE PROMISSORY NOTE)

## (ALL PLAINTIFFS)

COME NOW Plaintiffs IUPAT Industry Pension Fund, District Council #58 401(K) Trust Fund And ISP Welfare Fund, by undersigned Counsel, and for Count VI of their Complaint against Defendant Poland's Inc., d/b/a and/or f/d/b/a Poland & Sons Glass, Inc. states as follows:

87.     Plaintiffs re-assert and re-allege paragraphs 1 through 86.

88.     The Court has jurisdiction over this supplemental State law claim pursuant to 29 U.S.C. §1367(a).

89.     Defendants have materially breached the terms and conditions of the Promissory

Notes constitute by failing to make all payments due thereunder.

90.     As a result of Defendants' breaches, in addition to their foregoing claims, Plaintiffs have a right to enforce the Promissory Notes.

91.     As to Plaintiff IUPAT Industry Pension Fund, Defendants are liable, jointly and severally, in the amount of $112,758.50.

92.     As to Plaintiff District Council #58 401(K) Trust Fund And ISP Welfare Fund, Defendants are liable, jointly and severally, in the amount of $139,279.81.

93.     As a result of Defendants' acts and omissions, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray as follows:

A.     That the Court declare Defendants, jointly and severally, to be in breach of the Promissory Notes;

B.     That judgment is entered in favor of Plaintiff, IUPAT INDUSTRY PENSION FUND, and against Defendants, POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., and CHARLES ZEB POLAND, individually and personally, in the sum of $112,758.50;

C.     That judgment is entered in favor of Plaintiffs, DISTRICT COUNCIL #58 401(k) TRUST FUND and ISP WELFARE FUND, and against Defendants, POLAND'S INC., d/b/a and/or f/d/b/a POLAND & SONS GLASS, INC., and CHARLES ZEB POLAND, individually and personally, in the sum of $139,279.81;

D.     That Plaintiffs are awarded, at Defendants' cost, such further and other relief as may be just and equitable.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/  James R. Kimmey
James R. Kimmey, ARDC 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL 62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

 /s/  Jacob A. Blickhan
Jacob A. Blickhan,
2319 West Jefferson
Springfield, IL  62702
(217) 544-1771 (tel.)
(217) 544-9894 (fax)
jacobblickhan@cavanagh-ohara.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing "Complaint" was mailed via Certified Mail, Return Receipt Requested on January 27, 2017 for service upon the following non-participants in the Court's CM/ECF system:

Edward Hugler
Acting Secretary of Labor
U.S. Department of Labor
200 Constitution Ave. NW
Washington DC 20210

Adam J. Szubin
Acting Secretary of the Treasury
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

  /s/  James R. Kimmey
101 W. Vandalia St., Suite 245
Edwardsville, IL 62025
(618) 692-5250 (tel.)